UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                            Case No.      20-CR-33

KIMBERLY ZULKOWSKI,

          Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Matthew L. Jacobs, Assistant United States Attorney, and the defendant, Kimberly Zulkowski, individually and by attorney Daniel S. Welytok, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in a one-count information that alleges a violation of Title 26, United States Code, Section 7202.

3.      The defendant has read and fully understands the charge contained in the information. She fully understands the nature and elements of the crime with which she has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to her by her attorney.

4.      The defendant voluntarily agrees to waive prosecution by indictment in open court.

5.  The defendant voluntarily agrees to plead guilty to the charge in the information, which is set forth in full as follows:

**THE UNITED STATES ATTORNEY CHARGES:**

1.  At all times relevant:

    a.  The defendant, **Kimberly Zulkowski** ("Zulkowski"), resided in Brookfield, Wisconsin, and was the president and owner of Faith Family Services. Inc., which had its principal place of business located in Milwaukee, Wisconsin.

    b.  Under federal law, an employer is required to collect payroll taxes, which include federal income taxes, Social Security taxes, and Medicare taxes, from the wages paid to its employees and to pay over these taxes to the United States through the Internal Revenue Service ("IRS"). The taxes withheld from wages paid to employees are commonly referred to as the "trust fund" portion of payroll taxes.

    c.  An employer is also required to pay additional payroll taxes to the IRS in an amount equal to the employees' Social Security and Medicare taxes. Because these taxes match the employees' share of Social Security and Medicare taxes, they are referred to as the "matching" portion of payroll taxes.

    d.  Federal law further requires an employer to file quarterly tax returns (Forms 941) with the IRS reporting the total wages paid to its employees during the quarter and the corresponding payroll taxes due and owing to the United States. These quarterly returns must be filed by the last day of the month following the end of the quarter in question.

    e.  As the president and owner of Faith Family Services, Zulkowski was responsible for collecting, accounting for, and paying over to the IRS the federal income taxes, Social Security taxes, and Medicare taxes withheld from the wages paid to the employees of Faith Family Services ("trust fund" portion).

    f.  Zulkowski was also responsible for paying the "matching" portion of payroll taxes owed by Faith Family Services to the IRS.

    g.  During the period from at least October 2014 through December 2016, the defendant paid wages to the employees of Faith Family Services from which she withheld federal payroll taxes. Despite paying wages to the employees of Faith Family Services and

2

withholding payroll taxes from such wages, Zulkowski failed to pay over to the IRS all or a portion of these "trust fund" payroll taxes.

  h. During the period from at least October 2014 through March 2017, Zulkowski also failed to pay to the IRS all or a portion of the matching portion of payroll taxes owed by Faith Family Services.

 2. On or about January 31, 2015, in the State and Eastern District of Wisconsin,

### KIMBERLY ZULKOWSKI,

who was required to collect, account for, and pay over federal income taxes, Social Security taxes and Medicare taxes from the total taxable wages of the employees of Faith Family Services, did willfully fail to truthfully account for and pay over to the IRS $149,451.74 in "trust fund" payroll taxes that were due and owing to the United States of America for the fourth quarter of 2014, which ended on December 31, 2014.

 All in violation of Title 26, United States Code, Section 7202.

 6. The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offense charged in the information and set forth above in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove beyond a reasonable doubt the facts set forth in Attachment A to this plea agreement. The defendant admits that these facts are true and correct and establish her guilt beyond a reasonable doubt. The information in Attachment A is provided solely for the purpose of setting forth a factual basis for the defendant's plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

### PENALTIES

 7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum penalty of five years in prison, a $250,000 fine, or both, up to three years of supervised release to follow any term of imprisonment, and a $100 special assessment. The parties further recognize that a restitution order may be entered by the court. The

3

parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 28 of this agreement.

8. The defendant acknowledges, understands, and agrees that she has discussed the relevant statutes as well as the applicable Sentencing Guidelines with her attorney.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of willfully failing to pay over payroll taxes to the IRS, in violation of 26 U.S.C. § 7202, as charged in the information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant was a person who had a duty to collect, account for truthfully, and pay over, the federal payroll taxes in question; and
>
> Second, that the defendant failed to account for truthfully and pay over the taxes; and
>
> Third, that the defendant acted willfully.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the Sentencing Guidelines provisions which they believe to be applicable to the offense charged in the information

4

and set forth in paragraph 5. The defendant acknowledges and agrees that her attorney has, in turn, discussed the applicable sentencing guidelines provisions with her to the defendant's satisfaction.

13. The parties acknowledge and understand that, prior to sentencing, the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw her guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the Sentencing Guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the Sentencing Guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

16. For purposes of determining the defendant's offense level under the Sentencing Guidelines for the offense charged in the information, the defendant and her attorney acknowledge and agree that, based upon the information presently available, the government is able to prove

5

that the tax loss associated with the defendant's criminal conduct charged is more than $550,000 but less than $1,500,000

## Base Offense Level

17. The parties acknowledge and agree that, based on their agreement that the tax loss applicable to the defendant's conduct is more than $550,000 but less than $1,500,000, the parties will recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 20, as determined under Sentencing Guidelines Manual §§ 2T1.6 and 2T4.1(H).

## Specific Offense Characteristics

18. The parties agree to recommend to the sentencing court that no adjustment for any specific offense characteristics is applicable to the defendant's relevant conduct in this case.

## Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of her intention to enter a plea of guilty.

## Sentencing Recommendations

20. Both parties reserve the right to provide the district court and the probation office with any and all information that might be pertinent to the sentencing process, including but not

limited to any and all conduct related to the offense as well as any and all matters that might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22. The government agrees to recommend that a sentence be imposed no greater than the bottom of the applicable sentencing guideline range, as determined by the court. Recognizing that the Guidelines are advisory rather than mandatory, counsel for the defendant reserves the right to argue for a sentence that is less than the sentence that might otherwise be imposed under the Guidelines, including a sentence of probation.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the Sentencing Guidelines but will not be bound by the Sentencing Guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw her guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of

conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court-imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by the FLU and any documentation required by the form.

## Special Assessment

27. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## Restitution

28. The defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), to pay restitution in the amount of $731,970, plus penalties and interest, to the Internal Revenue Service for the trust fund portion of the payroll taxes the defendant failed to pay over to the IRS for the period from the fourth quarter of 2014 through the first quarter of 2017.

8

## DEFENDANT'S WAIVER OF RIGHTS

29. In entering this agreement, the defendant acknowledges and understands that she surrenders any claims she may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charge against her, she would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he or she was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and she would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on her own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, the defendant would have a privilege against self-incrimination so that she could decline to testify and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

30. The defendant acknowledges and understands that by pleading guilty she is waiving all the rights set forth above. The defendant further acknowledges the fact that her attorney has explained these rights to her and the consequences of her waiver of these rights. The defendant

9

further acknowledges that, as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that she will be adjudicated guilty of the offense to which she will plead guilty and thereby may be deprived of certain rights including, but not limited to, the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with her attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

10

Case 2:20-cr-00033-JPS-NJ   Filed 02/11/20   Page 10 of 13   Document 2

## GENERAL MATTERS

34. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

35. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

36. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

### Further Action by Internal Revenue Service

37. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charge alleged in the information.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38. The defendant acknowledges and understands if she violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditioned upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges that were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed

against the defendant as a result of her breach of this agreement or if the defendant's conviction is subsequently vacated or overturned. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and her attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that she continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

39. The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, that would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the Sentencing Guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 2/10/20

_____
KIMBERLY ZULKOWSKI
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 02/10/20

_____
DANIEL S. WELYTOK
Attorney for Defendant

For the United States of America:

Date: 2/11/20

_____
MATTHEW D. KRUEGER
United States Attorney

Date: 2/11/2020

_____
MATTHEW L. JACOBS
Assistant United States Attorney

13